UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEONARD HOWARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:23-cv-00809-JPH-TAB ) |
| BRIARWOOD HEALTHCARE OPERATIONS COMPANY, L.L.C., | ) ) ) ) |
| Defendant. | ) |

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Leonard Howard alleges that his former employer, Creekside Health and Rehabilitation, terminated his employment in retaliation for filing a sex-discrimination complaint. Defendant has filed a motion for summary judgment. Dkt. [27]. For the reasons below, that motion is **DENIED**.

**I.
Facts and Background**

Because Defendant has moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

Mr. Howard worked for Creekside, which is operated by Defendant Briarwood Healthcare Operations Company, from July 2021 to May 27, 2022. Dkt. 34 at 1. Creekside gave him the title of registered nurse under an emergency practitioner temporary license issued in response to COVID-19, though he has not passed the nursing boards. Dkt. 27-1 at 3, 10.

1

On February 18, 2022, while employed at Creekside, Mr. Howard filed a complaint with the Indiana Civil Rights Commission ("ICRC"). Dkt. 27-1 at 26. He alleged that a female Certified Nursing Assistant ("CNA") received a pay raise of $0.75, while Mr. Howard received a pay raise of $0.50, and that he was subject to a hostile work environment. *Id.* at 28, 30. On March 17, 2022, Stacia Dawson, Creekside's executive director, became aware that Mr. Howard had filed an ICRC charge. Dkt. 34-2 at 3–4.

At some point in February or March of 2022, Ms. Dawson "gathered a group of employees together" and asked them if they "had heard (or overheard) [Mr. Howard] filing complaints with state agencies." Dkt. 27-1 at 22. Ms. Dawson then told them to "let her know" if they "became aware of [Mr. Howard] doing something like that" and that Ms. Dawson said "one way or the other, we are going to get him out of her[e]." *Id.* "Ms. Dawson said they were going to get rid of [Mr. Howard] because of his complaints." *Id.*

In early April 2022, Mr. Howard informed his supervisor and HR at Creekside that he "ha[d] been placed on medical leave" and would "not return to work before April 19th." Dkt. 27-1 at 32. Ms. Dawson responded that the leave would be considered an absence under Creekside's absenteeism policy, that Mr. Howard's sick and vacation hours could be used, and that he would need a written statement from a doctor before returning to work. Dk. 27-1 at 33. Mr. Howard never returned to work. *Id.*

At some point prior to May 21, Mr. Howard requested a meeting to discuss returning to work after medical leave. Dkt. 34-3 at 1. On May 27, Ms.

Dawson emailed Mr. Howard that "[d]ue to your unwillingness to meet to discuss what your return to work would look like, your employment at Creekside has been terminated effective 5/27/2022."  Dkt. 27-1 at 34.

Mr. Howard states that he did not refuse to meet with anyone at Creekside.  Dkt. 34-3 at 1.

In May 2023, Mr. Howard sued Creekside, alleging they fired him in retaliation for his ICRC complaint.  Dkt. 1.  Creekside moved for summary judgment.  Dkt. 27.

## II.
## Summary Judgment Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial."  *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor."  *Zerante*, 555 F.3d at 584 (citation omitted).

## III.
## Analysis

Mr. Howard alleges that Creekside violated Title VII by retaliating against him for filing a complaint of sex discrimination with the ICRC. Dkt. 1. To survive summary judgment on this claim, Mr. Howard must designate evidence of: "(1) a statutorily protected activity; (2) a materially adverse action taken by the employer; and (3) a causal connection between the two." *Baines v. Walgreen Co.*, 863 F.3d 656, 661 (7th Cir. 2017). Creekside concedes that Mr. Howard's ICRC complaint constitutes a protected activity, and that his termination constitutes an adverse action. *See* dkt. 27 at 7. The dispute is whether there was a causal connection between Mr. Howard's filing of the ICRC complaint and Creekside's decision to terminate his employment. *See* dkt. 27; dkt. 34.

To demonstrate a "causal connection," a plaintiff must show that the employer "would not have taken the adverse . . . action but for [the plaintiff's] protected activity." *Greengrass v. Int'l Monetary Sys. Ltd.*, 776 F.3d 481, 486 (7th Cir. 2015). Direct evidence "is sufficient but rare." *Baines*, 863 F.3d at 661. A plaintiff can also establish the causal link "through circumstantial evidence from which a jury may infer intentional discrimination." *Id.* at 661. Circumstantial evidence can include suspicious timing or evidence of pretext. *Crain v. McDonough*, 63 F.4th 585, 593 (7th Cir. 2023).

Here, Mr. Howard contends that Ms. Dawson's statements about "getting rid of" and firing Mr. Howard for his complaints constitutes direct evidence of

4

prohibited animus.  Dkt. 34 at 9–10.  Creekside argues that Ms. Dawson's comments are nothing more than "a scintilla of evidence" as they were too vague and there is no temporal connection between the alleged statement and Mr. Howard's termination.  Dkt. 27 at 9–10.

"[A]n admission by the employer of unlawful animus" can constitute direct evidence.  *Baines*, 863 F.3d at 661; *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016).  Creekside contends that the designated evidence fails to show what Ms. Dawson "may have meant" by her comments that "one way or another, we are going to get him out of [here]," and that Creekside would "get rid of [Mr. Howard] because of his complaints," dkt. 27-1 at 22, or "that she took any action on the statement or to effectuate this purported outcome."  Dkt. 27 at 8.  However, a reasonable jury could conclude that Ms. Dawson's statements reflected her desire to end Mr. Howard's employment with Creekside because he had filed a complaint with the ICRC, and that she took action to effectuate that outcome by terminating him.  *See Kellogg v. Ball State Univ.*, 984 F.3d 525, 528 (7th Cir. 2021) ("[S]traightforward explanation" from academy director, who was responsible for setting salaries, that female plaintiff did not need a higher salary because her husband worked, was not a stray remark but "directly reveal[ed]" employer's motivations); *cf. Davis v. Con-Way Transp. Cent. Express, Inc.*, 368 F.3d 776, 783 (7th. Cir. 2004) (comments that shed light on the decisionmaker's motivations in deciding to fire employee may be evidence of discriminatory intent).

Creekside next argues that the timing of Ms. Dawson's statements were too disconnected from Mr. Howard's termination to be evidence of intent or pretext. Dkt. 27 at 8–9. In support of this argument, Creekside cites cases that for the proposition that an interval longer than approximately six weeks between an employee's protected activity and termination of employment, without other evidence, is generally insufficient to show "suspicious timing" and support an inference of pretext. Dkt. 27 at 8–9; *see, e.g. Harper v. C.R. England, Inc.* 687 F.3d 297 (7th Cir. 2012). Here, however, Mr. Howard argues that Ms. Dawson's comments are direct evidence of her intent to fire him because of his ICRC complaint, not indirect evidence based on suspicious timing. Dkt. 34 at 9. If believed by a jury, Ms. Dawson's comments at the meeting would indeed be direct evidence of retaliation as she referred both to intent and the employment decision. *Amrhein v. Health Care Svc. Corp.*, 546 F.3d 854, 858 (7th Cir. 2008). The cases cited by Creekside addressing time limitations involve the use of suspicious timing as indirect evidence of discriminatory intent, not direct evidence, and are therefore not controlling here.

In sum, taken in the light most favorable to Mr. Howard, the designated evidence shows that Ms. Dawson expressed a desire to "get rid" of Mr. Howard because of his ICRC complaint and later made the decision to terminate his employment. From this evidence, a jury could find the "causal connection" necessary to prove-up retaliation—that Creekside wouldn't have fired Mr. Howard but for his protected activity of filing a complaint with the ICRC.

6

*Greengrass*, 776 F.3d at 486; *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 765 (7th Cir. 2016) (explaining that the "legal standard" in an employment discrimination case is "whether the evidence would permit a reasonable factfinder to conclude that plaintiff's [protected activity] caused the discharge"). While there is also evidence that could support the conclusion that Creekside fired Mr. Howard for one of its stated non-retaliatory reasons, a jury must make that determination after evaluating the credibility of the witnesses and all relevant evidence. Because Mr. Howard has designated sufficient evidence for a jury to find that his termination was in retaliation for filing the IHRC complaint, Creekside is not entitled to summary judgment, and its motion is **DENIED**.

## IV.
## Conclusion

For the above reasons, Defendant's motion for summary judgment is **DENIED**. Dkt. [27].

Magistrate Judge Baker is asked to hold a status conference to discuss settlement and trial readiness.

**SO ORDERED.**

Date: 3/27/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel